UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

ADAM BRADSTREET,                                    **COMPLAINT**

                              Plaintiff,            JURY TRIAL DEMANDED

            vs.                                     Case no.

CITY OF ROCHESTER,
ROCHESTER POLICE DEPARTMENT

                              Defendants.

———————————————————————

Plaintiff, ADAM BRADSTREET ("Bradstreet"), by his attorney Michael Jos. Witmer, Esq., for his action against defendants, CITY OF ROCHESTER ("CITY"), ROCHESTER POLICE DEPARTMENT ("RPD"), states as follows:

<u>INTRODUCTION</u>

1. Bradstreet alleges that the CITY and RPD discriminated against him by constructively terminating his employment on the basis of his race, sex and status as domestic violence victim.

2. The CITY's and RPD's discrimination construes a violation of Title VII of the Civil Rights Act of 2008, 42 U.S.C. § 2000ff, *et seq*, and New York State Human Rights Law, Executive Law §§ 292, 296 et seq.

<u>PARTIES, JURISDICTION AND VENUE</u>

3. Plaintiff Bradstreet is a resident of Monroe County, New York.

4. Plaintiff Bradstreet was an employee of the CITY and RPD as an RPD police officer.

5. RPD and CITY are situated in the Western District of New York.

1

## STATEMENT OF FACTS

6. Plaintiff was hired by the CITY and RPD in the position of Police Officer on September 26, 2016.

7. September 1, 2017, Bradstreet completed the Basic Course for Police Officers or Equivalent which satisfies the minimum criteria established by the Municipal Police Training Council at the Monroe County Public Safety Training Center

8. April 2020, Bradstreet received the "Excellent Police Service Award."

9. June 2020, Bradstreet received "Officer of the Month."

10. October 2020, Bradstreet received two letters of recognition from the Chief of RPD.

11. October 5, 2020, Bradstreet was a victim of domestic violence in Greece, New York when he was harassed and bit by his then girlfriend, Alyssa Little. An RPD Professional Standards Section ("PSS") investigation occurred.

12. Immediately following this event, RPD issued an Order of stay away against Bradstreet for his then girlfriend. This was never requested by Little nor were there any allegations of Bradstreet's wrongdoing in the event.

13. RPD's employees subsequently disclosed the Domestic Incident Report and Bradstreet's name to uninvolved parties in violation of their training, policies and procedures and in a manner unheard of with female domestic violence victims.

14. Bradstreet objected to RPD about this disclosure and subsequently was treated differently for having spoken out and ultimately he was forced out of the RPD.

15. December 2020, Bradstreet received "Unit Commendation Award."

16. March 30, 2021, Bradstreet was given a packet of disciplinary charges and agents of the CITY and RPD asked that he turn in his service gun. He never received his

service gun back. Bradstreet's badge and Identification cards were not taken and he was not suspended at this time.

17. On or about March 31, 2021, Bradstreet was taken off of the RPD Clinton Section employee roster.

18. April 13, 2021, CITY and RPD "preferred" the March 30, 2021 charges against Bradstreet.

19. According to the City's charges such as "Conduct," this charge was unproveable per the PSS investigation.

20. Bradstreet was not given a lawyer by the Locust Club, the RPD union.

21. April 30, 2021, Michael Mazzeo, union representative, and CITY and RPD employee, texted Bradstreet "Brad, feel free to go out and tell everyone I hung up because you hurt my feelings. I have almost 700 members to take care of. I don't have time to go over and over someone who can't listen to what they are being told…My success and my reputation speaks for me. I know what I am doing and you feel different, that does not bother me. I am not going to waste hours talking to you to try to convince you That I know what I am doing."

22. May 3, 2021, RPD Chief Cynthis Herriot-Sullivan appointed D. Bantle as the Hearing Officer for an upcoming disciplinary hearing.

23. June 29, 2021, Bradstreet met with Mazzeo and the union attorney among others and brought up that he was being treated unfairly compared to other RPD employees who were similarly going through disciplinary accusations and more specifically more egregious criminal accusations including RPD Officers Patrice Allen, a black female, accused of domestic menacing with a gun, RPD Officer

Michael Cantu, a Hispanic male, accused of menacing with a gun, RPD Officer Melanie Rivera, a Hispanic female, accused of aiding in illegal drug deals, having been heard on wire taps and giving her service weapon to her boyfriend for use in the drug trade.

24. Bradstreet, a white male, voiced that he was undergoing much stricter scrutiny despite accusations which did not rise to this level. Bradstreet was ultimately forced to resign and constructively terminated.

25. Allen has not been terminated.

26. Cantu has not been terminated.

27. Rivera would not be terminated until after having been caught a second time engaging in the same criminal behavior.

28. Bradstreet additionally voiced this discrimination based upon the conduct of RPD employees Jeffrey Lafave (who threatened to kill Naser Zenelovic in the Public Safety Building), and at later dates Steve Kovacic (an alleged DWI), Cody Middlebrook (an alleged burglary and assault), Ryan Hartley (an alleged assault and domestic violence incident), Kevin Cummings (an alleged domestic event), Brad Pike and Jordan Bracey (assault).

29. July 3, 2021, Bradstreet attempted to contact RPD Sergeant Adam Devincentis to address the recent discrimination but Devincentis texted Bradstreet, "Hey asshole – I've been in the finger lakes in the middle of nowhere running a trail race with my wife. I have had shit for a signal and I am not at your beckon call so fuck off!"

30. Bradstreet "FOILed" emails of Mazzeo from July 14, 2021, that stated "I am not using this as an excuse to save someone's job" and also "your offer to resign is

more than fair" demonstrating the CITY and RPD employee's unwillingness to represent Bradstreet and that progressive discipline was not followed as it was with other employees.

31. Bradstreet further "FOILed" emails from RPD Chief SMITH where he asks "Henry, any updates on his resignation?" The receiver, Henry Favor responds "not yet sir." This was before any disciplinary hearing had taken place (which was scheduled for August 23, 2021).

32. August 2021, Alyssa Little, tried to file a complaint against RPD about how they did their investigation against Bradstreet but, upon information and belief, it was never filed.

33. August 23, 2021, at the scheduled disciplinary hearing, Bradstreet was ready to go forward with the hearing but was told by Mazzeo, the union representative (as no lawyer was provided to Bradstreet) that the only option was resignation and that if the hearing began, resignation would be "off the table" and that the hearing had become a "termination hearing."

34. Mazzeo further stated that he was being offered a "tentative resignation" and that he would stay on "Q time" and when the current RPD Chief left (which was estimated by Mazzeo to be October of that year) negotiations would continue and Bradstreet could continue working at RPD.

35. September 14 2021, Bradstreet was called to appear at the Locust Club on Lexington Avenue in the City of Rochester. When he appeared Adam Devincentis gave him papers and told him to sign. Bradstreet asked for the union attorney to both look at the papers and assist him in understanding what the papers he was

asked to sign meant. Devincentis told Bradstreet in no uncertain terms that "it was a done deal" and if he didn't sign he would be terminated and they would fire him "on the spot." Bradstreet, under duress and the previous understanding of Mazzeo signed the papers that constructively terminated him but under the guise of resignation and further with terms never negotiated or explained to him.

36. November 2021, upon Chief David Smith becoming RPD Chief following Cynthia Herriot-Sullivan, Bradstreet reached out as directed by Mazzeo attempting to contact the new Chief. Mazzeo now stated he would not assist him in contacting the Chief to again work at RPD as an officer.

37. February 14, 2022, Bradstreet emailed the CITY Office of Public Integrity about how he was "tortured over the last year and a half and retaliated against for outing many issues while being treated unfairly…There are many things occurring that are illegal and wrong. There needs to be justice. I saw the whistleblower policy online which helped me come forward. I do fear for great retaliation which has already occurred to me."

38. April 8, 2022, Bradstreet filed a complaint with New York State Division of Human Rights. EXHIBIT 1.

39. In response, April 12, 2022, RPD Chief of Police, David Smith ("SMITH") sent a letter to Monroe County seeking to have Bradstreet's pistol permit revoked.

40. In addition, SMITH had Daniel Nowack from RPD Firearms Investigation Unit send a letter seeking the same.

41. April 14, 2022, CITY/RPD responded to Bradstreet's New York State Division of Human Rights Complaint with their "Position Statement."

42. May 17, 2022, Bradstreet responded by "Rebuttal" to the CITY's "Position Statement." EXHIBIT 2.

43. June 1, 2022, Bradstreet had the first hearing for revocation of his pistol permit, which led to an adjournment.

44. June 15, 2022, CITY demanded Bradstreet withdraw his New York Division of Human Rights complaint.

45. June 17, 2022, Bradstreet had his final pistol permit hearing.

46. July 19, 2022, SMITH corresponded with Alyssa Little ("LITTLE") stating "It has been brought to our attention the following: Testimony for Adam Bradstreet on June 15th. With that coming to our attention that you did testify in the matter of Mr. Bradstreet we are looking elsewhere. For your redundant and impulsive behavior, we suggest you look otherwise for employment. Your demeanor and behavior are not something we are looking for in the police force at this time. Please accept this letter as a formal notification as of July 19, 2022."

47. July 20, 2022, Bradstreet's pistol permit was revoked by Decision and Order of Monroe County Court.

48. July 23, 2022, Bradstreet again emailed the Office of Public Integrity stating "Hello, As of writing this email in February, I opened a claim through NYS Division of Human Rights. Four days after the city received the claim, Chief Smith wrote a letter to judge Randall stating I was trying to meet with city officials (which I was to expose wrongdoing), and lied on his letter to violate my rights and get my pistol permit suspended. The incident he was referring to occurred two years ago, which is clearly outlined in my discrimination claim. The Chief lied and stated someone

was fearful of me which is not documented anywhere. This person he referred to actually testified at a hearing stating that she's not. Smith did not testify, why would he after lying. Anyway, due to smith using his title and lying the judge took his word for it. According to your office website it states you investigate 'falsification of official documents or reports.' I currently have a team of lawyers working on everything but I do need to file against this chief and an investigation needs to occur. The corruption within has beaten me down but I will not back down for what is just."

49. September 28, 2022, New York State Division of Human Rights issued a Determination and Order finding no probable cause.

50. November 18, 2022, Bradstreet filed a Verified Petition in both Monroe County Supreme Court and the New York State Appellate Division, Fourth Department, challenging the July 20, 2022, Decision and Order revoking his pistol permit.

51. November 30, 2022, U.S. Equal Employment Opportunity Commission issued a Determination and Notice of Rights, including the Right to Sue within 90 days of receipt of the notice. Plaintiff so files now.

52. Defendants CITY AND RPD are municipal entities created and authorized under the laws of the State of New York and is a resident of the Western District of New York.

53. Plaintiff is a resident of New York State and the Western District of New York.

54. Defendants City and RPD are authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes risk incidental to the maintenance of their

police force, RPD, and the employment of their police officers.

55. At all times relevant herein, the CITY, RPD and their agents and employees were acting under the color of state law in the course and scope of their duties and functions.

56. This case is, in part, one for discrimination under Title VII of the Civil Rights Act of 1964. Federal question jurisdiction in this Court is founded upon 28 U.S.C. §§ 1331 and 1343 and the Fourteenth Amendment to the United States Constitution.

57. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because plaintiff's state law claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share common operative facts with his federal claim, and the parties are identical. Resolving all state and federal claims in a single action serves the interest of judicial economy, convenience and fairness to the parties.

58. Venue in this District is proper, pursuant to 28 U.S.C. § 1391(b)(1) and (2), as the defendant resides in this District and a substantial part of the acts giving rise to the asserted claim took place in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

59. Bradstreet has exhausted his administrative remedies in that he filed timely with New York State Division of Human Rights.

60. The EEOC issued a Notice of Suit Rights on November 30, 2022. EXHIBIT 3.

## FIRST CAUSE OF ACTION
## UNLAWFUL DISCRIMINATION ON THE BASIS OF DOMESTIC VIOLENCE VICTIM

61. Bradstreet realleges the foregoing paragraphs as if fully set forth herein.

62. CITY and RPD's conduct was in violation of New York Human Rights Law and Executive Law § 292 and 296.

63. As a result of Defendants' conduct as alleged herein, Bradstreet has suffered and continues to suffer harm, including loss in compensation, employee benefits, pain and suffering, humiliation, mental anguish, and emotional distress.

64. RPD and CITY's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard for Bradstreet's rights.

65. As a direct result of RPD and CITY's discrimination, Bradstreet is entitled to all remedies available under New York State, New York State Human Rights Law and Executive Law, including compensatory damages, punitive damages, attorney's fees, prejudgment interest, and other compensation.

SECOND CAUSE OF ACTION
UNLAWFUL DISCRIMINATION IN VIOLATION OF
TITLE VII OF CIVIL RIGHTS ACT OF 1964

66. Bradstreet realleges the foregoing paragraphs as if fully set forth herein.

67. RPD and CITY's conduct as alleged herein constitutes unlawful discrimination based on sex and race in violation of TITLE VII of Civil Rights Act of 1964.

68. RPD and CITY discriminated against Bradstreet in violation of the above statute when, he received the above-described adverse employment outcome that disparately affected him compared to other similarly situated employees.

69. As a result of CITY and RPD's conduct as alleged herein, Bradstreet has suffered and continues to suffer harm, including losses in compensation, employee benefits, pain and suffering, humiliation, mental anguish, and emotional distress.

70. CITY and RPD's unlawful actions were intentional, willful, malicious, and/or done

with reckless disregard for Bradstreet's rights.

71. As a direct result of CITY and RPD's discrimination, Bradstreet is entitled to all remedies available under law and the above statute, including compensatory damages, punitive damages, attorney's fees, prejudgment interest, and other compensation.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Bradstreet hereby demands a trial by jury of all claims raised herein for which Bradstreet has a right to trial by jury.

WHEREFORE, Bradstreet demands judgment against CITY and RPD as follows:

A. Order RPD and CITY to pay compensatory damages including lost wages and compensation, future lost wages, unpaid employment benefits, other compensation denied or lost to Bradstreet, and additional damages caused by CITY and RPD;

B. Order CITY and RPD to pay compensatory damages for Bradstreet's mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress, in an amount to be proven at trial, but not less than $75,000.00 exclusive of interest and costs;

C. Order CITY and RPD to pay punitive damages in an amount to be determined at trial;

D. Order CITY and RPD to pay attorney's fees, costs, and disbursements;

E. Order CITY and RPD to pay pre-judgment interest and post-judgment interest;

F.  Such other and further relief as the Court deems just and proper.


DATED:  March 5, 2023
         Rochester, New York

                               MICHAEL JOS. WITMER, ESQ.

                            s/ Michael Jos. Witmer

                               Michael Jos. Witmer, Esq.
                               *Attorney for Plaintiff*
                               28 E. Main Street, Suite 900
                               Rochester, New York 14614
                               Tel.: (585) 325-2352
                               Fax: (585) 351-2442
                               michael@therochesterattorney.com

VERIFICATION

STATE OF NEW YORK    )ss:
COUNTY OF MONROE    )

ADAM BRADSTREET, being duly sworn, deposes and says that deponent is the Plaintiff in the within action; that deponent has read the foregoing and knows the contents thereof; that the same is true to deponent's own knowledge, except as to matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes it to be true.


ADAM BRADSTREET

Sworn to before me this 5th day
of March, 2023

PAMELA BROZOST
NOTARY PUBLIC, State of New York
Qualified in Monroe County
Registration No. 01BR6403735
Commission Expires February 3, 2024

Notary Public, State of New York

# New York State Division of Human Rights Complaint Form

## Individual filing the complaint

**Please provide the information requested below.**

### First Name

Adam

### Middle Intial

K

### Last Name

Bradstreet

### Street Address

364 Longbush Ln

### City

Webster

### State

NY

### Zip

14580

### Are you completing this form for someone else?

No

## Your complaint

### Jurisdiction

Employment

## Employment

### Please specify where the discrimination occurred

Employment (including paid internship and domestic workers)

### Are you currently working for the employer you are filing against?

No

### Date of hire

09/26/2016

### Last day of work

12/06/2021

### Position held or applied for

Police Officer

### For employment and internships, how many employees does this person/company have?

20 or more

**Acts of alleged discrimination: What did the person/company you are complaining against do? Check all that apply**

Gave me a disciplinary notice or negative performance review
Denied me an accommodation for domestic violence
Sexual harassment
Harassed or intimidated me on any basis indicated here
Denied services or treated differently by a temp or employment agency

## Basis

**Basis of alleged discrimination in employment:**

**Age** (if you are at least 18 years of age; those under 18 are protected for all other characteristics listed below)
**Race/Color** (because you are Asian, Black, White, etc.; includes ethnicity; includes traits historically associated with race such as hair texture or hairstyle)
**Retaliation** (if you filed a discrimination case before, were a witness or helped someone else with a discrimination case, or opposed or reported discrimination due to category listed on this page)
**Sex** (because of your gender, includes sexual stereotyping, sexual harassment, pregnancy)
**Victim of Domestic Violence** (you or your child was a victim of domestic violence; including reasonable accommodation in the form of leave time needed because of the domestic violence including medical, psychological, legal or other services, or for safety)

**Please specify sex:**

Male

**Please specify race/color:**

White

**Date of birth**

07/10/1988

## You are filing a complaint against

**Entity that discriminated against you:**

**Name of entity**

Rochester Police Department

**Street Address**

185 Exchange Blvd.

**City**

Rochester

**State**

NY

**Zip**

14614

**In what county or borough did the violation take place?**

Monroe

**Phone Number**

585-428-9800

**Email address**

**Fax Number**

**Company Website**

Rochesterpolice

**Please provide the name, last name, and title of individual people who discriminated against you.**

Chief Cynthia Herriot Sullivan
Chief Dave Smith
Sergeant Brandon Ince
Sergeant William Gallagher III
Sergeant Anthony Delvecchio
Commander Jeff Lafave
All members of command staff, internal affairs.

**Date of the most recent act of alleged discrimination**

10/08/2020

## Description of discrimination

**Tell us more about each act of discrimination that you experienced. Please include dates, names of people involved, and explain why you think it was discriminatory.**

I was a victim of domestic violence and listed as such on a report completed by Greece police. After it was investigated at the scene it didn't end. On 10/05/20 acting chief mark Simmons put in a chiefs no contact order against me. Although I was the victim of domestic violence. I was never asked if I needed help or referred to any victims assistance. They initiated an investigation. On 10/8/20 sergeant Brandon Ince went to this girls house and tried to coerce her into saying something negative about me. She told them I didn't do anything and she does not want to see the report. Sergeant Ince then showed my victims report illegally to her family members. I have video footage. Time passed and I was involved in a high profile case on 1/29/21. I was dragged through the mud by the department and was on CNN, although I followed policy. Due to the threats my family received I told the department I need some mental stress time. I was ostrisized and made fun of for being out of work. During this period I was hit with departmental charges for being a victim in a domestic. I was told that the chief, Cynthia herriott Sullivan wanted me gone and fired but I could resign. I questioned how I didn't do anything criminal but yet was a victim of domestic violence and being retaliated against for being in a high profile case. I was told by the union and many others it's because I'm a white male. I was treated differently being a white male. It's public record of a female black officer who pulled a gun on her boyfriend and is still employed (Patrice Allen) It's also public that officer Cantu menaced someone with a gun in Brighton and was on the news but he wasn't relieved of duty. There are multiple examples where it's obvious I was treated differently being a white officer. My victim rights were violated and I was treated unfairly and not even given an option of suspension yet instead straight to she wanted me fired. I was told that it is 100 percent because I'm a white male. The facts and circumstances of other police officers cases were criminal but due to being a minority it worked out fine.

## Declaration

**Based on the information contained in this form, I charge the herein named respondent(s) with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.**

**I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice. (If you have another action pending and still wish to file, please contact our office to discuss.)**

**Please initial:**

AKB

**I affirm under penalties of perjury, that I am the complainant herein; that I have read (or had read to me) the foregoing complaint and know the content thereof; that the same is true of my own knowledge except as to the matters therein stated on information and belief; and that as to those matters, I believe the same to be true.**

Adam Bradstreet

## Additional information

### Your contact information

**Email Address**

bstreet21@hotmail.com

**Phone Number**

5852171319

**Mobile Phone**

## Special needs

**I am in need of:**

Privacy. Keep my contact information confidential as I am a victim of domestic violence.

## Settlement/Conciliation

**To settle this complaint, I would accept:**

I feel as if under any other administration I would have not been muscled into resignation. I ultimately dealt with discrimination, harassment, and retaliation up until I resigned. I was laughed at for mental stress, treated as if I was a criminal because I was a victim of domestic violence, had my personal domestic report shown to people without my permission rumors went around destroying my reputation and my personal life. I was told that due to the administration it was because I was white and the other officers were treated differently.

All I have wanted was to be treated fairy and I want to be reinstated and an apology letter for what abuse I have been put through.

## Witnesses

**Please provide the first name, last name, title and contact information of any witnesses that you wish to include.**

I can provide in person

## Prior complaint

**Did you report or complain about the discrimination to someone else?**

No

**Please explain why you did not complain:**

I did not make a formal complaint because I was told not to. I was going to make one at RPD PSS internal affairs but was told it could make things worse for me.

## Other information

**Were other people treated the same as you? How?**

Other officers who committed actual crimes and have been suspended numerous times for serious offenses were treated better than me because they are minorities.

**Were other people treated better than you? How?**

Yes, a female black officer who pulled a gun on someone was treated better and not forced to resign.

A Puerto Rican male who pulled a gun on someone during a road rage incident was treated better.

The list goes on and on. Everyone has been treated better than me

1  James D. Hartt, Esq.
   6 North Main Street, Suite 200F
2  Fairport, New York 14450
   TELEPHONE: (585) 490-7100
3  Attorney for Complainant

4  Attention: Julia Day, Regional Director
   New York State Division of Human Rights
5  One Monroe Square
   259 Monroe Avenue, Suite 308
6  Rochester, NY 14607
   Roc.syr@dhr.ny.gov
7

8  | ADAM K. BRADSTREET | CASE NO. 10216534 |
9  | COMPLAINANT, | **COMPLAINANT'S REBUTTAL** |
10 | -against- | **TO RESPONDENT'S RESPONSE TO COMPLAINT** |
11 | CITY OF ROCHESTER, POLICE DEPARTMENT | |
12 | RESPONDENT | |
13

14      Claimant, Adam Bradstreet, re-alleges the claims made in his charge of discrimination as
15
   though fully set forth herein, and offers the following in his own words as his rebuttal:
16
                              **SECTION I. REBUTTAL:**
17

18      According to the City's charges such as Conduct, this charge was unproveable per the

19  PSS investigation. I was never represented by a lawyer and only the head of the Locust Club,

20  Michael Mazzeo. As seen in foiled emails between him and Cynthia Herriot Sullivan he states "I

21  am not using this as an excuse to save someone's job" and also "your offer to resign is more than

22  fair" was stated on July 14th, 2021. This shows I was never represented to the fullest and

23  progressive discipline was not followed for me as it is for others.

24      One for example is Officer Moses Robinson who has been suspended around 6 times

25  over the course of his career. Officer Cantu was involved in a road rage incident where he

26  menaced someone with a gun and is still currently working. Patrice Allen was a subject to a
                                                                                        1
   domestic menacing investigation that occurred in Niagara Falls, New York, but is still on the job.

1  Melanie Rivera who gave her boyfriend her duty weapon to her boyfriend so he could make drug

2  sales, was caught on wire tapes. and was not fired but promoted before being caught again and

3  resigning.

4      I was misled and told further negotiations would take place and told if I do not sign and

5  agree to a resignation, I would be fired which is not how Civil Service Law works.

6      In emails foiled at the time Deputy Chief Dave Smith sends an email to Henry Favor on

7  July 29th, 2021 "Henry, any updates on his resignation?" Favor replies "not yet sir." This shows

8  even before a fair Civil Service Hearing they were trying to get rid of me.

9      I have in fact been discriminated based on Domestic Victim Rights where I was a listed

10  victim who decided not to press charges. The Police Department, specifically PSS Sergeant Ince,

11  showed my Domestic Report to the involved girl's mother after being told to leave. This is a

12  clear violation of my rights.

13      I was treated differently being a White Male, especially after being depicted as a monster

14  by the City and Mayor Lovely after the Harris Street incident for only doing my job and doing it

15  correctly which is why I was exonerated of any wrong doing.

16      Cynthia and Mayor Lovely wanted anyone involved gone, and they used my pending

17  investigation to push it to a Hearing even without any offer of suspension.

18      I was dragged through the mud by the City and targeted and I am still currently being

19  targeted. After filing this claim on 4/8/22 Chief Dave Smith decided to write a letter to Judge

20  Randall based on this investigation from two years ago and suspended my Pistol Permit. In the

21  document to the Judge, he takes things out of context and knowingly lies. This letter was sent on

22  4/12/22.

23      The discrimination and corruption exists. See Examples.

24      I did not willfully resign from RPD. I was muscled with scare tactics, lies, and

25  discriminated based on Domestic Victim Rights, Sex, and Race. I was even laughed at when I

26

2

1  considered myself a victim on a Domestic Report. The investigation was completed by Greece
2  Police that night.

3

4  ## SECTION II. LEGAL ANALYSIS:

5      The New York State Human Rights Laws declare it an unlawful discriminatory practice
6  for an employer to discharge an individual from employment or to discriminate in "compensation
7  or in terms, conditions or privileges of employment" on the basis of a protected class or
8  immutable characteristic.. Executive Law, Section 296(1)(a); N.Y.C. Administrative Code § 8-
9  107(1)(a). The standards for recovery under the New York State Human Rights Laws and the
10  Federal standards under Title VII of the Civil Rights Act of 1964 (42 USC § 2000e et seq.) are in
11  accord with each other. *Ferrante v. American Lung Ass'n,* 90 NY2d 623, 629, 687 N.E.2d 1308,
12  665 N.Y.S.2d 25 (1997); *Shah v. Wilco Sys., Inc.,* 27 A.D.3d 169, 806 N.Y.S.2d 553, 2005 NY
13  Slip Op 10232, 6 (1st Dept. 2005), *affirmed, Shah v. Wilco Sys.,* 76 Fed. Appx. 383 (2d Cir.
14  2003).
15

16      In a court of general jurisdiction, a plaintiff would have the initial burden of establishing,
17  by a preponderance of the evidence, a *prima facie* case of discrimination in employment. *Id.* In
18  the NYS Division of Human Rights, Investigation Stage, that bar is significantly lower; a
19  complaining party must only establish that "Probable Cause" exists. Adam Bradstreet, therefore,
20  must only establish that there exists "Probable Cause" to believe that (1) he is a member of one
21  or more protected class(es), (2) he was qualified to hold the position of City of Rochester Police
22  Officer, (3) he *suffered adverse employment action*, and (4) the adverse employment action
23  occurred under circumstances giving rise to an inference of discrimination. *Bailey v. New York*
24  *Westchester Sq. Med. Ctr.,* 38 A.D.3d 119, 829 N.Y.S.2d 30, 2007 NY Slip Op 99, 3 (1st Dept.
25  2007), citing *Forrest v Jewish Guild for the Blind,* 3 NY3d 295, 305, 819 N.E.2d 998, 786
26  N.Y.S.2d 382 (2004).

3

1    Complainant Bradstreet has more-than satisfied the Probable Cause standard with respect
2   to each of the foregoing elements, as to each his allegations of discrimination on the bases of Sex
3   (Male); Race (Caucasian); Victim of Domestic Violence status. Adam Bradstreet is a member of
4   each of the foregoing protected classes. He is a White male who the Respondent knew was the
5   victim of domestic violence when it presented him with an ultimatum; to resign or proceed with
6   termination proceedings.

7    Secondly, Adam Bradstreet was competent at his position with the RPD. It is precisely
8   the reason the City needed to pressure /coerce Mr. Bradstreet so strenuously to resign; because it
9   lacked any basis to terminate him at a hearing.

10    As to the third prong; Officer Bradstreet was subjected to adverse employment action.
11  There is no question but that Officer Bradstreet was never offered any kind of progressive
12  disciplinary measures as had been offered by Respondent to Complainant's "similarly-situated"
13  colleagues. Notably, said colleagues cited by Complainant were accused of having committed
14  significantly MORE serious conduct, yet were disciplined without being removed from the force,
15  or in some cases, not even disciplined at all.  And most notably of all, said colleagues were not
16  within the protected classes of Complainant. Given that Respondent presented Complainant with
17  an ultimatum; to resign or be terminated, and that he ultimately did lose his employment as a
18  result of that ultimatum, it stands to reason that he was subjected to an adverse employment
19  action.

20    Finally, there is a causal nexus between the adverse employment action suffered by
21  Officer Bradstreet and his membership in his protected classes, as discussed by Complainant in
22  Section 1 of this Rebuttal and in his Complaint. He provides several examples of disparate
23  treatment as between himself and similarly situated colleagues who were not white males, and
24  who were not domestic violence victims and who treated more favorably than he. Thus, he has
25  satisfied the final two prongs of a prima facie discrimination claim.

26

4

**Disparate Treatment**:

      Officer Bradstreet pointed out the following examples of disparate treatment in his Factual Rebuttal, where he wrote, in pertinent part: "Officer Moses Robinson who has been suspended around 6 times over the course of his career. Officer Cantu was involved in a road rage incident where he menaced someone with a gun and is still currently working. Patrice Allen was a subject to a domestic menacing investigation that occurred in Niagara Falls, New York, but is still on the job. Melanie Rivera who gave her boyfriend her duty weapon to her boyfriend so he could make drug sales, was caught on wire tapes, and was not fired but promoted before being caught again and resigning." Complainant Bradstreet is prepared to answer any questions the assigned Investigator at the NYSDHR may have for him with respect to the foregoing examples of disparate treatment. For example, he is prepared to provide additional information regarding what these officers were accused of; what their punishments were, if any, and how said Officers were treated more favorably than he under circumstances which strongly infer discrimination.

**Coerced Resignation**:

      It is admittedly difficult to establish coercion with respect to a resignation. However, in the case at bar, Officer Bradstreet has obtained via Foil Request copies of e-mails which demonstrate a concerted effort on the part of the Command Staff at RPD to get him to resign. As he states, above, "In emails foiled at the time Deputy Chief Dave Smith sends an email to Henry Favor on July 29th, 2021 "Henry, any updates on his resignation?" Favor replies "not yet sir." This shows even before a fair Civil Service Hearing they were trying to get rid of me."

**Domestic Violence Class Discrimination:**

      "I have in fact been discriminated based on Domestic Victim Rights where I was a listed victim who decided not to press charges. The Police Department, specifically PSS Sergeant Ince,

showed my Domestic Report to the involved girl's mother after being told to leave. This is a clear violation of my rights. "Had Officer Bradstreet been a female domestic violence victim, all hell would have broken loose under these circumstances. The fact is; because he is a male, the Respondent viewed Officer Bradstreet as somehow incapable of being a victim of domestic violence (when in fact he was) and therefore, Respondent acted recklessly in approaching his abuser's family to show them Officer Bradstreet's report and to discuss this very sensitive topic with them. Furthermore, the motives for doing so are highly problematic, and Adam Bradstreet stands prepared to discuss at Fact-Finding Conference – the reasons Respondent might have done so.

**Racial Discrimination:**

As Mr. Bradstreet states in Section 1 of the Rebuttal: "I was treated differently being a White Male, especially after being depicted as a monster by the City and Mayor Lovely after the Harris Street incident for only doing my job and doing it correctly which is why I was exonerated of any wrong doing." Officer Bradstreet was tangentially involved in an incident that became politically charged by news outlets. It is clear that Officer Bradstreet was targeted for ouster from the RPD because he happened to be a white officer at the scene of this particular incident, about which Mr. Bradstreet can elaborate at the Conference.

### SECTION III. CONCLUSION:

Complainant Adam Bradstreet has set forth facts which are sufficient to meet the bar for a "Probable Cause" Finding from the NYSDHR. Notwithstanding, Complainant hereby requests that a Fact-Finding Conference be convened so that he have the opportunity to answer any questions the Division may have for him.

Respectfully,

6

1  DATED this 17th day of May 2022

2                                                       **JAMES D. HARTT, ESQ.,**
                                                        **Attorney At Law**
3

4                                                       By: S:/ James D. Hartt
                                                        **James D. Hartt, Esq., Attorney At Law**
5                                                       6 North Main Street, Suite 200F
                                                        Fairport, New York 14450
                                                        TEL: (585) 425-8682
6                                                       CELL: (585) 490-7100

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

7



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 11/30/2022

**To:** Adam Bradstreet
364 Longbush Lane
Webster, NY 14580

Charge No: 16G-2022-02067

EEOC Representative and email:     Holly Shabazz
S/L Program Manager
HOLLY.SHABAZZ@EEOC.GOV

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
11/30/2022
Timothy Riera
Acting District Director