UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ADAM BRADSTREET,

Plaintiff,

v.

CITY OF ROCHESTER,

Defendant

**DECISION AND ORDER**

6:23-CV-06147 EAW CDH

## BACKGROUND

Plaintiff Adam Bradstreet ("Plaintiff") was formerly employed by the City of Rochester ("Defendant" or the "City") as a police officer. (Dkt. 16 at ¶ 5). Plaintiff alleges that Defendant "discriminated against him by constructively terminating his employment on the basis of his race, sex and status as domestic violence victim." (*Id.* at ¶ 1; *see also* Dkt. 36).

This matter has been referred to the undersigned for all non-dispositive pretrial proceedings. (Dkt. 14; Dkt. 47). Currently pending before the Court are Plaintiff's motions seeking to compel production of documents and to impose various sanctions in connection with Plaintiff's outstanding document requests and Defendant's failure to appear for its noticed Rule 30(b)(6) deposition. (Dkt. 68).

On April 27, 2024, Plaintiff served his first set of document requests on Defendant. (Dkt. 53-1; Dkt. 68 at 4). On October 3, 2024, Plaintiff served his second set of requests. (Dkt. 53-3; Dkt. 68 at 4). After Defendant made a document production on April 9, 2025, Plaintiff made a submission to the Court asserting that

Defendant's production was deficient. (*See* Dkt. 50 at 7-8; Dkt. 68 at 4, 16; Dkt. 71 at ¶ 12). The Court held a telephone conference on April 21, 2025, during which defense counsel attributed the delay in responding to the document requests to an apparent conflict involving the City's representation of Plaintiff in a state court action. (*See* Dkt. 51; Dkt. 68-1 at 3). Defense counsel stated that the City was "not objecting yet" to Plaintiff's document requests but would "send that discovery soon, within the week." (Dkt. 68-1 at 10). The Court instructed Plaintiff to submit a letter requesting a discovery conference should Defendant's forthcoming production remain inadequate. (*Id.* at 11-12).

Rather than request a discovery conference, Plaintiff filed a motion to compel on July 1, 2025. (Dkt. 53). The Court held oral argument for this motion on August 6, 2025, at which time Defendant acknowledged that it still owed Plaintiff discovery responses—in particular, police officer disciplinary files and concise officer histories. (*See* Dkt. 57; Dkt. 68-2 at 4). Defendant agreed to respond to Plaintiff's document requests by October 8, 2025, and the parties agreed to complete depositions by December 30, 2025. (Dkt. 68-2 at 8-9). The Court ultimately denied Plaintiff's motion to compel without prejudice but advised Plaintiff that he could file another motion to compel should Defendant's forthcoming discovery responses remain deficient. (*Id.* at 10, 12). Following the hearing, the Court issued an Amended Scheduling Order memorializing the October 8, 2025 deadline for Defendant to "produce outstanding responses to document demands." (Dkt. 56 at ¶ 1). On October 8, 2025, Defendant filed a consent letter request to extend its deadline to produce the outstanding

responses until October 14, 2025. (Dkt. 58). The Court granted the extension request the same day. (Dkt. 59).

On October 14, 2025, Defendant made a document production that Plaintiff deemed deficient (Dkt. 68 at 6), and three days later Plaintiff filed a letter to the Court detailing these deficiencies (Dkt. 60 at 1-2). The Court set a discovery conference for November 20, 2025, to address the matter. (Dkt. 61; Dkt. 62). On October 27, 2025, Defendant supplemented its document production and asserted in an accompanying letter that its "response now includes all files [Plaintiff] requested in both the first and second document demands." (Dkt. 71 at ¶ 12; Dkt. 71-4 at 1). During the discovery conference held on November 20, 2025, Plaintiff stated that the parties would likely "have to request that the Court extend the discovery deadline again . . . because now that we've received this additional discovery, we likely are going to ask for . . . additional paper discovery [and] to expand the depositions . . . but we're moving in the right direction." (Dkt. 68-3 at 4). The Court reiterated that Plaintiff could file another motion to compel if needed. (Dkt. 63; Dkt. 68-3 at 8). The Court subsequently granted the parties' joint request to extend the case management deadlines (Dkt. 64), setting March 3, 2026, as the deadline to complete fact discovery. (Dkt. 65 at ¶ 1).

On January 5, 2026, Plaintiff served his third set of document requests, which he says "consolidated, clarified, and expanded upon all prior demands and included additional requests[.]" (Dkt. 68 at 10; Dkt. 68-9).

On January 6, 2026, Plaintiff served Defendant with a notice of deposition, which provided for a deposition of Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6) on February 10 and 11, 2026. (Dkt. 68-11 at 1). The notice listed 75 topics for examination and requested the production of 16 categories of documents. (*Id.* at 7-48). Upon receiving no response to the notice of deposition, Plaintiff's counsel emailed defense counsel on January 28, 2026, to schedule a meet and confer regarding the scope of the deposition. (Dkt. 68-4). Defense counsel did not respond to this email, but instead emailed Plaintiff's counsel on February 9, 2026, to reschedule the deposition, ultimately explaining that he was unprepared to proceed with the deposition as noticed due to a calendaring error. (*See* Dkt. 68-5; Dkt. 68-6 at 1-2). Defense counsel also claims that this calendaring error is responsible for him not responding to Plaintiff's third set of document requests. (Dkt. 71 at ¶ 14). In addition to asking to reschedule Defendant's Rule 30(b)(6) deposition, defense counsel requested an extension of the deadline to respond to Plaintiff's third set of document requests. (Dkt. 68 at 8, 19; Dkt. 68-5). Defense counsel also asserted that Plaintiff's deposition topics were "very broad" and that it "would take multiple individuals" to answer the questions posed. (Dkt. 68-5; Dkt. 68 at 8, 19-20).[1]

[1] Plaintiff includes a subsection in his brief entitled "The City Cannot Evade Its Rule 30(b)(6) Obligations by Claiming No Single Witness Can Testify," in which he argues that defense counsel's representation that it would take multiple individuals to answer Plaintiff's questions "is not a defense" but "precisely the circumstance Rule 30(b)(6) was designed to address." (Dkt. 68 at 28). While the Court expects Defendant to comply with Rule 30(b)(6), Plaintiff does not make a specific request for relief with respect to this issue, and the Court is unable to discern the scope of the parties' dispute. The Court accordingly does not further address this particular issue herein.

On February 10, 2026, Plaintiff's counsel and a court reporter appeared for Defendant's deposition as scheduled. (Dkt. 68 at 9, 20; Dkt. 68-10). A Rule 30(b)(6) representative did not appear on behalf of Defendant on either February 10 or 11, 2026, nor did defense counsel appear. (Dkt. 68 at 9; Dkt. 68-7 at 1). On February 12, 2026, Plaintiff's counsel emailed defense counsel, in lieu of formal motion practice, asking Defendant to stipulate to a further extension of the fact discovery deadline, waive any objections to his third set of document requests and the Rule 30(b)(6) deposition notice, pay $500 in attorney's fees plus other costs in connection with the missed deposition, and conduct a meet and confer pursuant to Rule 30(b)(6). (Dkt. 68-7 at 1). That same day, defense counsel responded by agreeing to "provide $500 in attorney's fees for time setting up for the depositions and waiting" and "to pay the costs for the stenographer and videographer, incurred, upon a bill for the 4 hour minimum each day." (Dkt. 68-8 at 1). Defense counsel also suggested that the parties extend the fact discovery deadline to March 18, 2026. (*Id.*). The next day, Plaintiff's counsel responded by saying that if Defendant did not agree to waive its objections to Plaintiff's discovery requests, he would file a motion to compel. (Dkt. 68-8 at 3). Defense counsel did not respond to this email. (Dkt. 68 at 9).

On February 17, 2026, Plaintiff filed the instant motions to compel Defendant to respond to his outstanding document requests and to impose sanctions against Defendant for its failure to respond to Plaintiff's outstanding document requests and to appear for its noticed Rule 30(b)(6) deposition. (Dkt. 68). In connection with the motion to compel, Plaintiff asks that the Court declare "that Defendant's failure to

timely respond to Plaintiff's Third Set of Document Requests, served January 5, 2026, constitutes a waiver of all objections thereto except privilege." (*Id.* at 2). As to Plaintiff's sanctions requests, he asks the Court to enter default judgment against Defendant, or, in the alternative, strike Defendant's answer and/or preclude it from using any undisclosed evidence at trial. (*Id.* at 1). Additionally, Plaintiff asks the Court to: (1) award Plaintiff "$500.00 in attorney's fees for Defendant's failure to appear at the properly noticed Rule 30(b)(6) deposition"; (2) order Defendant "to pay the costs of the court reporter and videographer for the February 10-11, 2026 depositions at which Defendant failed to appear"; and (3) order Defendant "to pay the costs of the three hearing transcripts that Plaintiff was required to order in connection with this motion (April 21, 2025; August 6, 2025; November 20, 2025)." (*Id.* at 1-2). Plaintiff further requests that the Court "extend[] all scheduling order deadlines by one month to permit Defendant's compliance." (*Id.* at 2).

On March 11, 2026, Defendant filed a response to Plaintiff's motions. With respect to Plaintiff's requests for sanctions, Defendant argues that Plaintiff' "does not demonstrate misconduct or an attempt to distort the discovery process," and thus he is only entitled to a "sanction of additional discovery," rather than "the extreme remedies Plaintiff's attorney now asks for, including sanctions, striking defenses and default judgment[.]" (Dkt. 71-1 at 3, 5; Dkt. 71 at ¶ 22).[2] As to the underlying

[2] Defendant is reminded that, pursuant to Local Rule of Civil Procedure 7(a)(3), "[a]n affidavit, declaration, or affirmation <u>must not contain legal arguments</u>[.]" Loc. R. Civ. P. 7(a)(3) (emphasis added). Defendant's response is accompanied by a declaration containing legal arguments and thus fails to comply with this requirement. (*See* Dkt. 71 at ¶ 22). In any future filings, Defendant must make its

discovery at issue, Defendant states that it does not "object to depositions nor the third [set of] discovery request other tha[n] to limit the scope of such requests." (Dkt. 71-1 at 5). Defense counsel states that the reason "limitations must be in place on the 30(b)(6) and the third[] discovery requests is that much of the requested documents contain files with raw data, home addresses, social security numbers of many RPD officers, private phone numbers and medical information of private citizens and police officers which must be reviewed and marked as confidential or excised for this litigation." (Dkt. 71 at ¶ 21).

## DISCUSSION

### I. Motion to Compel

#### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Under Rule 37, following a good-faith effort to meet and confer, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "Motions to compel made pursuant to Rule 37 are 'entrusted to the sound discretion of the district court.'" *Harris v. Bronx Parent Hous. Network, Inc.*, No. 18-CV-11681 GBDSN, 2020 WL 763740, at *1 (S.D.N.Y. Feb. 14, 2020) (quoting *United States. v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)). "A district court has broad latitude to

legal arguments in a memorandum of law, while any declaration should be limited to "factual and procedural background relevant to the motion it supports." Loc. R. Civ. P. 7(a)(3).

determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).

Rule 34(a)(1) requires a party to produce relevant documents in the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Under this Rule, a responding party is required "to conduct a reasonable and diligent search for responsive documents." *Wilson v. Town of Cheektowaga*, No. 18-CV-1255W(F), 2021 WL 195348, at *3 (W.D.N.Y. Jan. 10, 2021) (quotation omitted). "The responding party then must produce the requested documents 'or state with specificity the grounds for objecting to the request, including the reasons'" within 30 days. *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 328 F.R.D. 450, 452 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 34(b)(2)(B)).

**B. <u>Defendant Must Respond to Plaintiff's Third Set of Document Requests Within 30 Days</u>**

Plaintiff's motion seeks to compel "Defendant to produce all outstanding discovery responsive to Plaintiff's First, Second, and Third Set of Document Requests." (Dkt. 68 at 2).

Plaintiff's third set of document requests "renews and re-requests" what Plaintiff labels as "Previously Requested Documents" from his first and second sets of requests, "[t]o the extent not already produced, or to supplement prior production." (Dkt. 68-9 at 6). Defense counsel states that he responded to the first and second sets of requests "to the best of [his] ability and all documents that [he] uncovered pursuant to the requests were delivered to the Plaintiff and his attorneys prior to this motion

to compel," but "[a]dmittedly, there is a third discovery request[.]" (Dkt. 71 at ¶¶ 4-5). With respect to Plaintiff's third set of document requests, defense counsel states that Defendant's response "was five days overdue when the error was noticed and by the time the error was recognized the motion to compel was filed and there was no opportunity to attempt to correct the error." (*Id.* at ¶ 16). In short, Defendant concedes that it "fail[ed] to . . . respond within the allotted 30 days for response to the third set of discovery demands[.]" (Dkt. 71-1 at 2). And there is no indication that Defendant has since responded to these requests.

While the existing record makes it difficult for the Court to determine the extent to which Defendant did not respond to Plaintiff's first and second sets of document requests, it is undisputed that Defendant failed to respond to Plaintiff's third set of document requests. It also appears that by virtue of Plaintiff including prior requests in the third set of document requests, Defendant's responses thereto—to the extent responsive documents have not already been produced—would satisfy all of Plaintiff's outstanding requests.

Because Defendant has admittedly failed to respond Plaintiff's third set of document requests and has not set forth any procedurally valid explanation for its failure to respond, the Court grants Plaintiff's motion to compel. Defendant must respond to Plaintiff's third set of document requests (Dkt. 68-9) in full within 30 days of entry of this Decision and Order.[3] To the extent (1) there are no documents

---

[3] Plaintiff asks that the Court both compel Defendant "to produce all outstanding discovery within 14 days" and "extend all scheduling order deadlines by one month to permit" Defendant's compliance. (*See, e.g.*, Dkt. 68 at 27, 28). Based on

responsive to a particular request or (2) Defendant has already produced all documents responsive to a particular request, Defendant must provide a sworn response to Plaintiff stating that it conducted a diligent search and no additional responsive documents are in their possession, custody, or control.

To facilitate Defendant's responses in light of its concern that "much of the requested documents contain files with raw data, home addresses, social security numbers of many RPD officers, private phone numbers and medical information of private citizens and police officers which must be reviewed and marked as confidential or excised for this litigation" (Dkt. 71 at ¶ 21), the parties are directed to confer and file a proposed stipulated protective order within 14 days of entry of this Decision and Order. In the event the parties are unable to agree on the terms of a proposed stipulated protective order, each party shall submit its proposal to the Court, along with a memorandum of not more than five pages setting forth the legal basis for its position on any disputes as to the scope and form thereof.

### C. Waiver of Objections

Plaintiff additionally asks that the Court "[d]eclare[] that Defendant's failure to timely respond to Plaintiff's Third Set of Document Requests . . . constitutes a waiver of all objections thereto except privilege." (Dkt. 68 at 2).

"It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available."

---

the number of document requests at issue, the Court finds that 30 days is a more reasonable deadline for Defendant to provide a complete response.

*Sanchez v. Aircraft Finishing Corp.*, No. 21CV02309PKCJMW, 2022 WL 4121391, at *2 (E.D.N.Y. Sept. 9, 2022); *see also Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009) (noting "there is consistent authority that a failure to serve timely responses to . . . document requests serves as a waiver of objections" but that "courts are not unanimous" as to whether "[t]he waiver may extend to objections based on privilege"). "Nonetheless, courts have substantial discretion in deciding when objections should be waived." *Gropper v. David Ellis Real Est., L.P.*, No. 13 CIV. 2068 ALC JCF, 2014 WL 518234, at *3 (S.D.N.Y. Feb. 10, 2014) (quotation and alteration omitted); *see also Murphy v. City of Elmira*, No. 18-CV-6572FPG, 2022 WL 4121380, at *4 (W.D.N.Y. Sept. 9, 2022) ("A court . . . retains discretion to excuse any waiver or limit its scope."); *McKissick v. Three Deer Ass'n Ltd. P'ship*, 265 F.R.D. 55, 57 (D. Conn. 2010) (finding the interests of justice "would be best served by allowing the defendants to have an opportunity to voice their objections to the plaintiff's requests, 'lest a federal court be compelled to order the production of every piece of paper in the Pentagon because of a tardy objection to a request to produce them'") (quoting *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 539 (D. Conn. 2006)).

At this time, the Court declines to exercise its discretion and deem any potential objection to Plaintiff's third set of document requests waived. Although some of the requests were previously included in Plaintiff's earlier sets of document requests, Defendant's delay in responding to the third set of document requests was not lengthy. Defendant's responses were less than two weeks overdue when Plaintiff filed the instant motion to compel. Further, "waiver of . . . objections does not

otherwise excuse this Court from its obligation to manage discovery in this case, . . . including limiting its scope as appropriate." *Holloway v. Dollar Tree Distribution, Inc.*, No. 3:14-CV-1661 VAB, 2015 WL 3606326, at *2 (D. Conn. June 8, 2015). That is, a waiver due to an untimely response should not serve as an end-run around the proper scope of discovery under Rule 26(b).

Here, the Court is not currently in a position to assess whether Plaintiff's requests are within the proper scope of discovery because, aside from Plaintiff's generalized references to "comparator officer records" (*see, e.g.*, Dkt. 68 at 25), neither party has made a meaningful substantive argument as to the underlying discovery at issue. Accordingly, it would not be appropriate for the Court to find a wholesale waiver as to any of Defendant's potential objections. A uniform finding of waiver would also be premature insofar as Defendant has not clearly stated that it has objections to any particular document request.

## II. Motion for Sanctions

### A. Legal Standard

Rule 37(b) provides a non-exclusive list of sanctions that the Court may impose when a party "fails to obey an order to provide or permit discovery," including "(ii) prohibiting the disobedient party from . . . introducing designated matters in evidence; (iii) striking pleadings in whole or in part; . . . [and] (vi) rendering a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(A).

"The two predicates to the imposition of sanctions under Rule 37(b) are (1) a court order directing compliance with discovery requests, and (2) non-compliance

with that order." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d 345, 356 (S.D.N.Y. 2023) (quotations and alteration omitted); *see also Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) (the authority to impose Rule 37(b) sanctions requires "a clearly articulated order of the court requiring specified discovery"); *Salahuddin v. Harris*, 782 F.2d 1127, 1133 (2d Cir. 1986) ("Rule 37(b) sanctions require the violation of an explicit court order").

Under Rule 37(d), "[t]he court where the action is pending may, on motion, order sanctions if . . . a party or a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(d)(3).

"In imposing Rule 37 sanctions, . . . courts properly consider various factors, including (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017) (quotation and original alteration omitted). "Rule 37 requires that sanctions be just and the severity of sanction must be commensurate with the non-compliance." *Alcon Vision, LLC v. Lens.com, Inc.*, No. 18-CV-407 (NG), 2020 WL 6591463, at *5 (E.D.N.Y. Nov. 10, 2020) (quotations omitted). "The imposition of sanctions under Rule 37 is within the discretion of the district court[.]" *Purcelle v. Vedder*, No. 9:19-

CV-0405 GLS/ML, 2020 WL 3513494, at *4 (N.D.N.Y. May 29, 2020), *adopted*, 2020 WL 3511988 (N.D.N.Y. June 29, 2020).

Under Rule 16(f), "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(C). Rule 16(f) sanctions "require consideration of the same factors applicable to the imposition of Rule 37(b) sanctions." *Miller v. Cnty. of Erie*, No. 17-CV-00928W(F), 2020 WL 470637, at *3 (W.D.N.Y. Jan. 29, 2020).

**B. <u>Requests for Sanctions in Connection with Document Discovery</u>**

Plaintiff seeks various forms of sanctions against Defendant. Plaintiff first seeks sanctions pursuant to Rule 37(b) in connection with Defendant's failure to respond to its outstanding document requests. (*See* Dkt. 68 at 23-26). Plaintiff asks that the Court enter default judgement against Defendant, or in the alternative, strike Defendant's answer and/or preclude Defendant from introducing any evidence not yet disclosed. (*Id.*).

Having reviewed Plaintiff's motion papers, his request for sanctions pursuant to Rule 37(b) fails at the threshold, because he does not identify a particular, explicit Court order directing Defendant to comply with specified discovery. The lack of a clearly articulated Court order that Defendant allegedly violated is fatal to Plaintiff's Rule 37(b) application. *See Daval Steel Prods.*, 951 F.2d at 1363.

Even from a liberal reading of Plaintiff's motion papers, the Court cannot discern what clearly articulated order Plaintiff contends Defendant violated. For

example, when discussing the duration of "the City's noncompliance," Plaintiff does not address the duration of Defendant's failure to comply with a particular order of the Court; rather, he addresses the duration of Defendant's failure to respond to his discovery requests calculated from the day they were served. (*See* Dkt. 68 at 24). This framing does not enable the Court to ascertain what Court order Defendant is alleged to have violated as the purported basis for Rule 37(b) sanctions.

When discussing whether Defendant has been warned of the consequences of noncompliance, Plaintiff does refer to "the August 6, 2025 hearing," during which he claims "the Court informed the City that it needed to produce documents by October 8, 2025[.]" (*Id.*). However, Plaintiff does not quote any statement or oral order issued by the Court during the August 6, 2025 appearance. During that appearance, in context, the Court merely granted Plaintiff's "request . . . to extend the discovery deadline to allow [defense counsel] to get that documentation to [him]." (Dkt. 68-2 at 5). That is, an extension of the discovery deadline was the "specific relief . . . the plaintiff [was] asking for from the Court at th[at] time." (*Id.*). The Court then ratified a deadline of October 8, 2025 for completing the outstanding discovery, based on dates proposed by the parties. (*Id.* at 7-8).

But an order extending the deadline to complete specified discovery is different from an order *requiring* such discovery. *See, e.g.*, *Susana v. NY Waterway*, 662 F. Supp. 3d 477, 493 (S.D.N.Y. 2023) (explaining that the court's extensions of discovery for the purpose of conducting the plaintiff's IME did not amount to orders requiring Plaintiff to submit to an IME). Orders setting deadlines for discovery are generally

the province of Rule 16 and are distinct from discovery orders subject to Rule 37(b) sanctions. *See Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 367 (E.D.N.Y. 2013) ("Federal Rule of Civil Procedure 37(b) permits sanctions for a failure to comply with discovery orders, which are distinct from Rule 16(f) 'scheduling orders.'"); *see also Camara v. Daise*, No. 98 CIV 808 RMB RLE, 2001 WL 263006, at *5 (S.D.N.Y. Mar. 9, 2001) ("Scheduling orders . . . are not 'discovery orders' within the meaning of Rule 37(b)."). At the time of the August 6, 2025 appearance, the Court would not have directed Defendant to produce any particular discovery because, as presented by the parties, the posture of the dispute was that Defendant merely needed more time to respond due to the voluminous number of responsive documents.

Plaintiff does make a somewhat cursory argument that sanctions are also warranted under Rule 16(f), asserting that "[t]he Court's Amended Scheduling Order required the City to produce outstanding document responses and required all fact discovery to be completed" and that Defendant "has not fully complied with either requirement." (*See* Dkt. 68 at 28). However, with respect to the argument that Defendant did not comply with the deadline to complete fact discovery, Plaintiff filed his motion for sanctions on February 17, 2026—in other words, prior to the March 3, 2026 deadline to complete fact discovery set by the operative Amended Scheduling Order (Dkt. 65).

With respect to his argument that the Court's "Amended Scheduling Order required the City to produce outstanding document responses," Plaintiff appears to be referring to the Court's August 6, 2025 Amended Scheduling Order (Dkt. 56),

which was entered following the aforementioned August 6, 2025 appearance and memorialized the extended deadlines agreed upon at the appearance. The August 6, 2025 Amended Scheduling Order provided that "Defendant will produce outstanding responses to document demands by no later than October 8, 2025" (*id.* at 1), and the Court subsequently extended this deadline to October 14, 2025 (Dkt. 59). But on the existing record, the Court cannot conclude that sanctions are warranted against Defendant for failure to obey this deadline. Defense counsel represents that he responded to the discovery requests at issue "on October 14, 2025 and supplemented such discovery response on October 28, 2025." (Dkt. 71 at ¶ 12; *see also* Dkt. 71-4). While Plaintiff disputes the sufficiency of those responses, he has not clearly demonstrated the extent of Defendant's alleged failure to respond, such that the Court could meaningfully consider the relevant factors for imposing Rule 16(f) sanctions.

For these reasons, the Court denies any request for sanctions in connection with Plaintiff's outstanding discovery requests. However, Defendant is warned that failure to respond to Plaintiff's third set of document requests, as ordered herein, may result in the imposition of sanctions, including any of those provided for under Rule 37(b).

### C. Requests for Sanctions in Connection with Failing to Appear for Rule 30(b)(6) Deposition

Plaintiff also seeks sanctions in connection with Defendant's failure to appear for its Rule 30(b)(6) deposition noticed for February 10 and 11, 2026. (*See* Dkt. 68 at

1, 23, 25).[4] Insofar as Plaintiff seeks non-monetary sanctions, such as entry of default judgment or striking Defendant's answer, the Court denies this request. While Defendant's failure to appear is concerning when viewed in conjunction with the document discovery issues discussed above, Defendant and defense counsel's conduct specifically in relation to the deposition does not warrant any of the harsh sanctions sought by Plaintiff. "[A] sanction so drastic as striking an answer or entering a default judgment is not ordinarily imposed unless the disobedience has been willful, or in bad faith, or otherwise culpable[.]" *Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir. 1990).

Here, the failure to appear for the deposition was neither willful nor in bad faith. Defense counsel made some attempt to reschedule the deposition in advance thereof, albeit not soon enough for Plaintiff's counsel to avoid an appearance fee by the court reporter. (*See* Dkt. 68-6 at 4). Moreover, there is no indication that Defendant intentionally sought to delay or frustrate discovery. Once defense counsel realized he had made a calendaring error, he promptly sought to meet and confer with Plaintiff's counsel regarding the deposition. (*See* Dkt. 68-8 at 1). Further, Plaintiff filed his motion only one week after the date of the scheduled deposition, affording the parties only a limited window to reschedule the deposition and cure

---

[4] Plaintiff states in passing that "[t]he City's failure to confer in good faith as required by Rule 30(b)(6)" by not responding to Plaintiff's January 28, 2026 meet and confer letter "independently warrants sanctions." (Dkt. 68 at 28). But Plaintiff provides no additional argument as to this assertion, and the Court finds that Rule 37(d) provides adequate grounds to sanction Defendant in connection with the 30(b)(6) deposition.

Defendant's noncompliance. To this end, defense counsel states that the City "intends to fulfill its obligation for [its] 30(b)(6) deposition without objection." (Dkt. 71 at ¶ 18). Under these circumstances, the imposition of harsh sanctions, such as entering default judgment or striking Defendant's answer, would be incommensurate with Defendant and defense counsel's relevant conduct. *See, e.g.*, *Johnson v. Vermont*, No. 22-CV-00029, 2023 WL 4945376, at *3 (D. Vt. Aug. 3, 2023) (declining to impose Rule 37(d) sanctions where failure to appear for Rule 30(b)(6) deposition was inadvertent); *T.B.I. Indus. Corp. v. Emery Worldwide*, 900 F. Supp. 687, 694 (S.D.N.Y. 1995) (finding inadvertent failure to appear for deposition did not warrant dismissal of third-party complaint under Rule 37(d)).

Instead, the Court finds that a monetary sanction is warranted. Under Rule 37(d), "[i]nstead of or in addition to [the non-monetary sanctions listed in Rule 37(b)(2)(A)(i)-(vi)], the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). "Rule 37(d)(3) places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust." *Cerco Bridge Loans 6 LLC v. Schenker*, 768 F. Supp. 3d 559, 583 (S.D.N.Y. 2025) (quotation and alteration omitted). "Under Rule 37, conduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the

appropriateness of the contested action." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014) (quotation and alteration omitted).

Defense counsel's calendaring error does not provide adequate justification for Defendant's failure to attend its properly noticed 30(b)(6) deposition, and Defendant has not otherwise shown that its failure to appear was substantially justified or that other circumstances make an award of expenses unjust. The closest Defendant comes to addressing Plaintiff's request for fees and expenses in connection with the missed deposition is its conclusory assertion that "[t]he dispute does not need other sanctions or resolution by the Court as the City has no objection to the 30(b)(6) witness except by way of a scope meeting for the 30(b)(6) witness which is self-evidently too broad." (Dkt. 71-1 at 5). But Defendant's lack of objection to a rescheduled deposition does not constitute an excuse for failing to appear for the deposition as originally scheduled. The failure to confer regarding the scope of the deposition is also attributable to Defendant, as defense counsel did not respond to Plaintiff's counsel's January 28, 2026 email requesting such conferral (Dkt. 68-4). Further, it is "well-established that a party applying for sanctions under Rule 37(d) is not required to prove that the party who failed to attend the deposition acted in bad faith." *Cerco Bridge Loans 6*, 768 F. Supp. 3d at 585 (quotation and alteration omitted). It is also "clear that costs may be awarded under Rule 37(d) for a failure to appear at a deposition, even if the failure to appear was caused by some negligence on the part of the party's counsel." *Rehwaldt v. Elec. Data Sys. Corp.*, No. 95-876, 1996 WL 947568, at *9 (W.D.N.Y. Mar. 28, 1996).

Plaintiff requests $500 in attorney's fees "for time spent preparing for and attending the depositions at which the City failed to appear." (Dkt. 68 at 11, 26). Plaintiff has submitted an email from defense counsel, dated February 12, 2026, advising Plaintiff's counsel that Defendant would pay $500 in attorney's fees for the missed deposition (*see* Dkt. 68-8 at 1), and Defendant acknowledges in its motion papers that it "agreed to compensate Plaintiff for deposition costs" but "[t]his compromise did not work" (Dkt. 71-1 at 4). Plaintiff also asks that the Court order Defendant to pay the costs of the court reporter and videographer retained for the deposition, as well as the costs of the transcripts of the three appearances before the undersigned that Plaintiff utilized as exhibits to his motions.[5] (Dkt. 68 at 1-2, 26-27).

In granting a request for attorney's fees, the Court is generally required to calculate the presumptively reasonable fee or lodestar, rather than award an arbitrary amount suggested by the parties without any supporting figures or documentation. *See Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("absent extraordinary circumstances, failing to calculate [the lodestar] as a starting point is legal error"). But here, because the parties have previously engaged in some discussion regarding Defendant reimbursing Plaintiff for the missed 30(b)(6) deposition, the Court will give the parties an opportunity to meet and confer and attempt to reach an agreement between themselves as to the enumerated costs and

---

[5] Although the transcripts at issue do not fall within the ambit of Rule 37(d)(3), since they were utilized to provide background related to Plaintiff's motion to compel rather than any deposition-related issues, Plaintiff is also entitled to costs incurred in making his motion to compel, *see* Fed. R. Civ. P. 37(a)(5)(A), notwithstanding the fact that he has not made a specific application for such costs.

expenses Plaintiff identifies in his motion papers. Specifically, the parties' conferral efforts should address Plaintiff's requests for (1) attorney's fees for time spent preparing for and attending Defendant's 30(b)(6) deposition, (2) the costs of the court reporter and videographer retained for the deposition, and (3) the costs of the transcripts of the April 21, 2025, August 6, 2025, and November 20, 2025 appearances before the undersigned. (*See* Dkt. 68 at 1-2, 26-27, 30).

In the event the parties cannot reach an agreement within 60 days of entry of this Decision and Order, Plaintiff may file a fee application that includes a sworn affidavit detailing the reasonable attorney's fees and costs (1) incurred in making the successful motion to compel and (2) caused by Defendant's failure to appear for its Rule 30(b)(6) deposition. Defendant will have 14 days upon the filing of Plaintiff's affidavit to submit a response, at which time the Court will take the matter under advisement.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to compel is granted. Defendant must respond to Plaintiff's third set of document requests (Dkt. 68-9) in full within 30 days of entry of this Decision and Order. To the extent there are any outstanding confidentiality concerns with documents that Defendant may have to produce, the parties are directed to file a proposed stipulated protective order (or their respective positions and proposals regarding the form and scope of such a protective order, if they are unable to agree) within 14 days of entry of this Decision and Order.

Plaintiff's motions for sanctions are resolved as set forth above. The parties are directed to meet and confer regarding Defendant reimbursing Plaintiff for (1) attorney's fees for time spent preparing for and attending Defendant's 30(b)(6) deposition, (2) the costs of the court reporter and videographer retained for the deposition, and (3) the costs of the transcripts of the April 21, 2025, August 6, 2025, and November 20, 2025 appearances before the undersigned. In the event the parties cannot reach an agreement within 60 days of entry of this Decision and Order, Plaintiff may file a fee application that includes a sworn affidavit detailing the reasonable attorney's fees and costs (1) incurred in making the successful motion to compel and (2) caused by Defendant's failure to appear for its Rule 30(b)(6) deposition. Defendant will have 14 days upon the filing of Plaintiff's affidavit to submit a response, at which time the Court will take the matter under advisement.

The Court reopens fact discovery for 30 days from entry of this Decision and Order for the limited purposes of permitting Defendant to respond to Plaintiff's third set of document requests and conducting Defendant's Rule 30(b)(6) deposition (to the extent the parties have not already done so). Within 45 days of entry of this Decision and Order, the parties shall submit a joint letter to the undersigned proposing any further necessary modifications to the case management deadlines.

SO ORDERED.

COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
September 3, 2026